# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ALLEN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 19-CV-3300 |
| CHAD SMITH, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**KELLY, J.**                                                                                               **AUGUST 12, 2019**

*Pro se* Plaintiff Todd Allen has filed a Complaint pursuant to 42 U.S.C. § 1983 alleging constitutional claims. He has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that Allen is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, certain claims in the Complaint will be dismissed with prejudice, other claims will be dismissed without prejudice, and other claims will be permitted to proceed at this time. Allen will also be granted leave to file an amended complaint if he chooses to do so to attempt to cure the defects noted by the Court concerning the claims dismissed without prejudice.

## I.    FACTS

Allen alleges constitutional claims for money damages under the Fourth, Sixth and Fourteenth Amendments as well as state law claims arising from his arrests on May 16 and May 20, 2017, after allegedly warrantless searches. Allen claims that Defendant Police Officer Chad Smith violated his Fourth Amendment rights when, although lacking probable cause to believe that Allen had committed an offense, he arrested him on drug charges. (ECF No. 2 at 9.)[1] For

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

the May 16 arrest, he asserts that three of the four charges were later dismissed and for the May 20 arrest, all of the charges were dismissed. (*Id.*)

Allen next asserts that Defendant Smith fabricated evidence in violation of his due process rights at a scheduled June 27, 2017 preliminary hearing on the charges. That hearing was allegedly continued because lab reports were not yet available and was re-calendared for July 28, 2018. (*Id.* at 10.) At that time, Smith and Defendant Jane Doe District Attorney falsely told the judge that the lab reports for both arrests were available.[2] (*Id.*) Allen asserts that the Commonwealth only had the report for the May 16 arrest, but the fabrication caused the judge to hold all charges over for trial. (*Id.*) Allen also alleges that Smith planted evidence on him, there was no proof tying Allen to the drugs sent to the lab, such as an evidence log or photographs, and he claims a photograph of the drugs recovered on May 20 shows they are different from the drugs tested by the lab. (*Id.* at 10, 21.) Finally, he alleges that Smith conducted an illegal search of his phone. (*Id.*) Allen also asserts state law claims against Defendant Smith for false arrest, malicious prosecution, intentional infliction of emotional distress, and negligence. (*Id.* at 11-12.)

Allen asserts that Defendant Sergeant Michael Regan fabricated information contained in the incident report about the arrests. (*Id.* at 9, 13.) This included information about when Defendant Smith's shift ended, who witnessed the May 16 incident, where the May 20 incident occurred, and what drugs were seized. (*Id.* at 13-14.) He asserts Regan violated his constitutional right to a fair trial, and asserts state law claims of malicious prosecution, false

---

[2] This allegation is also the basis of a separate claim that Defendant Smith conspired with Jane Doe Assistant District Attorney when they agreed to falsely tell the judge that they had the evidence report and remained silent when the judge held over all of the charges for trial. (*Id.* at 17.)

2

arrest, "reckless investigation," supervisor liability, intentional infliction of emotional distress, and negligence. (*Id.* at 14-15.)

Defendant Harry Hall is identified as a police evidence technician. Allen contends that Hall fabricated the date on a property request form. (*Id.* at 15-16.) This allegedly helped the other Defendants frame Allen for the drug charges. (*Id.* at 16.) Defendant Police Officer Michael Evans allegedly fabricated a July 13, 2017 property request form by putting Allen's name on it and by stating the evidence was collected at 11 a.m., when it was actually collected at 12:07 p.m. (*Id.* at 16.) Defendant Cara McMeans, an evidence technician at NMS Lab, a company used by the Montgomery County District Attorney's Office to test drugs, allegedly improperly accepted evidence from Defendant Hall when the request form was deficient. (*Id.*) Defendant Alia Harris, an employee of NMS who tested the substance and determined it was heroin, allegedly lied when she wrote a report reciting Allen's name when the chain of custody documents were not in order, and thereby assisted the police to frame him.[3] (*Id.*)

Defendant Tom Fahy, a police property officer, allegedly stole thirty of the fifty oxycodone pills for which Allen had been arrested. (*Id.* at 17.) Allen asserts a not otherwise specified Fourteenth Amendment claim against Fahy, as well as an unspecified state law claim. (*Id.*)

Defendants Edward Rideout, Allen's appointed defense attorney, and Douglass Lavenberg, an Assistant District Attorney, participated in a March 19, 2018 hearing presided over by Judge Steven Tolliver, and allegedly conspired to deprive Allen of his right to counsel. Allen contends that they permitted the Judge to allow Rideout to act as standby counsel only on

---

[3] Allen alleges an additional conspiracy claim against Smith, Regan, Hall, Eves, McMeans and Harris based on these actions. (*Id.* at 16-17.)

3

all pre-trial motions, except those dealing with chain of custody issues, without a waiver colloquy, and engaged in ex parte communications with the Judge outside of his presence. (*Id.* at 18.)

Defendants Thomas Carluccio, a defense lawyer, Rideout, Emily Seiber, a public defender, Regan, and Smith allegedly conspired to ignore the fabrication of evidence, refused to expose police misconduct, "and assisted [sic] I plead guilty." (*Id.*) Defendants Sharon Meisler and Jodi Lukens, both of whom are alleged to be defense attorneys, also allegedly conspired with Defendant Regan concerning Allen's warrantless arrest in 2009, by never telling Allen that Regan had no warrant and convincing him to plead guilty. (*Id.* at 19.)

Allen also asserts a *Monell* claim against Cheltenham Township and the Montgomery County District Attorney Drug Task Force. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978). Based upon his own multiple arrests, Allen alleges that Cheltenham has a custom of permitting officers to fabricate evidence and lie in probable cause affidavits. (ECF No. 2 at 19.) He also asserts that it maintains an inadequate internal affairs policy and fails to properly train officers not to violate citizen's civil rights. (*Id.*) Allen contends that Defendant Regan is the supervisor of Cheltenham's component of the Montgomery County District Attorney Drug Task Force and has final policy making authority. (*Id.* at 20.) He alleges that the other Defendants' illegal actions have been ratified by Regan and that the Montgomery County District Attorney has failed to establish training, supervision and discipline policies to prevent perjured testimony and the fabrication of evidence. (*Id.*)

Finally, Allen names NMS Labs as a defendant under a *Monell* theory asserting that it is funded by the District Attorney's Office. He contends that it is liable under the Due Process

4

clause because it maintains policies to accept items to be tested that have insufficient chain of custody documents. (*Id.* 20-21.)

A review of public records reveals that Allen entered a plea of guilty on November 5, 2018, before Judge Tolliver to a charge of criminal use of a communication facility. *See Commonwealth v. Allen*, CP-46-CR-5126-2017. Charges of manufacture, delivery, or possession with intent to manufacture or deliver controlled substances were nolle prossed. (*Id.*) The arresting officer is listed as Defendant Smith of the Cheltenham Township Police Department. (*Id.*) Allen received a bail hearing on May 20, 2017, and preliminary hearing on July 28, 2017 at which time the charges were held for court. (*Id.*) Another hearing was held on October 11, 2017, at which time the Commonwealth filed an information and the charges were again held for court. (*Id.*) Allen was represented at various times by Edward Rideout and Thomas Carluccio.

Prior to the guilty plea, defense counsel filed motions to suppress evidence, to compel disclosure of a confidential informant's identity, to prohibit chain of custody evidence, for additional discovery, for internal affairs files and time shift cards, to dismiss fingerprint and DNA evidence, and motion pursuant to Rule 600, among others. (*Id.* at 13-20.) These motions were denied, but a subsequent Rule 600 motion resulted in Allen being granted nominal bail. (*Id.* at 33-34.)

Following the guilty plea, Allen appears to have fired his attorneys and filed post-trial motions *pro se*. (*Id.* at 36-45.) An Order denying those motion was entered on February 28, 2019. (*Id.* at 45.) On March 13, 2019, Allen filed a *pro se* notice of appeal. (*Id.* at 46.) He filed a Rule 1925 Statement on April 10, 2019 and the trial court issued a Rule 1925 Opinion on May 10, 2019. (*Id.* at 48-49.) Following the completion of a remand for a *Grazer* hearing to

determine whether he could waive counsel and proceed *pro se* on appeal, Allen's appeal remains pending.

## II. STANDARD OF REVIEW

The Court will grant Allen leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Allen is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Brought Against District Attorneys

Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). Accordingly, the constitutional claims Allen asserts against Assistant District Attorneys Douglass Lavenberg and Jane Doe, based upon their participation in the March 19, 2018 preliminary hearing and the balance of the Commonwealth's case, fail to state plausible claims under § 1983 and must be dismissed with prejudice.

### B. Claims Against the Drug Task Force

The *Monell* claim against the Montgomery County District Attorney Drug Task Force is also dismissed. A drug task force has been held not to be a "person" subject to suit under § 1983

7

because it does not have a separate legal existence. *See Stasko v. Lebanon Cty. Drug Task Force*, Civ. A. No. 12-1156, 2012 WL 6561726, at *10 (M.D. Pa. Dec. 17, 2012) ("Lebanon County Drug Task Force is [not] a person amenable to suit under Section 1983. . . ."); *see also Ellakkany v. The Common Pleas Court of Montgomery Cty.*, 658 F. App'x 25, 28 (3d Cir. 2016) (stating that "The District Attorney's Office of Montgomery County is unlikely to survive as a defendant [on *Monell* claims] because the department would not be considered separate from [Montgomery County] itself (which is not named as a party to this lawsuit).").

### C. Claims Against Defense Attorneys

Criminal defense attorneys are also not "state actors" subject to liability under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). However, a defense attorney still may be sued for civil rights violations if he conspires with a state actor, irrespective of whether the co-conspiratorial state actor is himself immune from suit. *See Tower v. Glover*, 467 U.S. 914, 916 (1984); *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). None of Allen's asserted conspiracy claims, however, state facts with sufficient specificity to raise a plausible inference of a conspiracy between his attorneys and either police officers, district attorneys or the trial judge. *See Great W. Mining and Mineral Co v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010). Accordingly, the claims against Attorneys Rideout, Carluccio, Seiber, Lukens and Meisler are also dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) as implausible. The dismissal of these claims will, however, be without prejudice and Allen will be granted leave to amend his

complaint to attempt to satisfy his Rule 8 requirement to plead sufficient information to put the Defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.

### D. Claims Asserting *Monell* Liability

Allen asserts a claim against Cheltenham Township based on a *Monell* theory of liability. To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. In order to recover from a municipality under § 1983, a plaintiff must: (1) identify a policy or custom that deprived him of a federally protected right; (2) demonstrate that the municipality, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation; and (3) establish a direct causal link between the policy or custom and the plaintiff's injury. *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). In other words, to satisfy this pleading standard, the plaintiff must "specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff may successfully plead that a custom was the proximate cause of his injuries by alleging that the Defendant "had knowledge of similar unlawful conduct in the past,

failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Allen's allegations — based upon his own arrests by Defendant Smith — that Cheltenham has a custom of permitting officers to fabricate evidence and lie in probable cause affidavits fails to meet this standard. While he attempts to identify as a policy or custom that Cheltenham maintains an inadequate internal affairs policy and fails to properly train officers not to violate citizen's civil rights, his allegation does not contain the requisite specificity required by the case law. Rather, his allegation "simply paraphrases the elements of a *Monell* claim," which has been held to be insufficient to state a plausible claim. *See Anderson v. City of Philadelphia*, Civ. A. No. 14-6747, 2015 WL 3647416, at *4 (E.D. Pa. June 12, 2015) (holding that allegation that City developed, implemented, enforced, encouraged, and sanctioned de facto policies, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights was insufficient); *Smith v. McClendon*, Civ. A. No. 14-6358, 2015 WL 2079689, *8 (E.D. Pa. May 5, 2015) (holding that allegation that adverse treatment was the result of municipal policies, customs, omissions, lack of training and continuing indifference to deprived disabled persons of reasonable access to a public building because of disability was insufficient) (citing *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014); *see also McTernan*, 564 F.3d at 658 (holding that allegation that plaintiff's rights were violated "due to the City's policy of ignoring First Amendment right[s.]" was "not sufficient").

Moreover, a failure to train claim requires an allegation that failure or inadequacy amounts to deliberate indifference on the part of the municipality. *Forrest v. Parry*, 930 F.3d 93 (3d Cir. 2019) (citing *Estate of Roman*, 914 F.3d at 798-99). This consists of allegations that the "(1) municipal policymakers know that employees will confront a particular situation, (2) the

situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights. *Id.* (citing *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999)).

Because Allen fails to allege specific facts regarding any relevant policy or custom — other than his own experiences being arrested in Cheltenham — he fails to meet the "rigorous standards of culpability and causation" required for municipal liability. *Brown*, 520 U.S. at 405 (1997). Allen also fails to allege facts showing that a failure to train amounted to deliberate indifference.

Allen has also sued for Defendants Cara McMeans and Alia Harris, and their employer NMS Labs for due process violations over the manner in which they processed the drug evidence received from police. While McMeans and Harris may qualify as "state actors" for purposes of § 1983, NMS Labs cannot be liable under § 1983 merely because it was their employer. *See Monell*, 436 U.S. at 691 (stating that doctrine of respondeat superior may not be employed to impose § 1983 liability); *Blanche Road Corp. v. Bensalem Twp.*, 57 F.3d 253, 263 (3d Cir. 1995) (same). Further, alleging a single incident by a lower level employee acting under color of state law does not suffice to establish either an official policy or custom. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985). As noted, a *Monell* claim may only survive if the plaintiff can identify a specific policy or custom that deprived him of a federally protected right. Allen fails to identify any such policy or custom; rather he relies only upon the alleged events undergirding his own dispute with NMS and a formulaic recitation of *Monell*. The claim against NMS Labs is, accordingly, not plausible.

### E. Claims Against McMeans and Harris

McMeans allegedly "should not have accepted the items to get tested based on the deficient property requisition form submitted by Harry Hall." (ECF No. 2 at 16.) Harris allegedly tested the substances and stated that the chain of custody documentation was in order. (*Id.*) NMS Labs is sued on a *Monell* theory on the ground that its "policies in accepting items to be tested, than [sic] attaching my name to a lab report, violated by due process rights, because the chain of custody documents was insufficient. . . ." (*Id.* at 21.) These claims do not satisfy the requirement of Rule 8 and will be dismissed without prejudice.

### F. Claim Against Property Officer Fahy

Allen asserts an unspecified Fourteenth Amendment claim as well as an unspecified state law claim against Fahy, a police property officer, based on the allegation that he stole thirty of the fifty oxycodone pills for which Allen was arrested. (ECF No. 2 at 17.) This generalized allegation fails to allege a plausible due process or equal protection claim under the Fourteenth Amendment. Additionally, Allen's failure to specify the nature of the state law claim he seeks to allege violates Rule 8. The claims against Fahy are, accordingly, dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Allen will be permitted an opportunity to amend.

## IV. CONCLUSION

For the reasons stated, the following claims contained in Allen's Complaint are dismissed with prejudice: all claims against District Attorney Douglass Lavenberg, District Attorney Jane Doe and the Montgomery County District Attorney Drug Task Force. All claims against the following Defendants are dismissed without prejudice and with leave granted to Allen to file an amended complaint if he chooses to do so to attempt to cure the defects the Court has noted: Cara McMeans, Alia Harris, Edward Rideout, Thomas Carluccio, Emily Seiber, Jodi Lukens,

Sharon Meisler, Cheltenham Township, and NMS Lab.  The Court will defer serving the Complaint pending Allen's filing of an amended complaint.  Should Allen choose not to attempt to revive the claims dismissed without prejudice, he may notify the Court of his decision and the Court will direct service to the remaining Defendants.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Robert F. Kelly**
**ROBERT F. KELLY, J.**