# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TODD ALLEN | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 19-3300 |
| CHAD SMITH, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**November 22, 2019**

Todd Allen sued a variety of Montgomery County law enforcement professionals and defense lawyers alleging violations of his civil rights and state law claims. Judge Kelly dismissed his complaint for failing to state a claim but granted Mr. Allen leave to file an amended complaint against certain defendants no later than November 29, 2019.[1] Mr. Allen moves for appointment of counsel. Upon random reassignment, we now deny Mr. Allen's motion without prejudice as we do not have a pleading to review.

Although Congress in 28 U.S.C. § 1915(e)(1) permits us to appoint counsel in civil rights cases for indigent prisoners, our Court of Appeals emphasizes "volunteer lawyer time is extremely valuable," and "district courts should not request counsel . . . indiscriminately."[2] "Civil litigants have no constitutional or statutory right to appointed counsel."[3] Nevertheless, Congress has provided "[t]he court may request an attorney to represent any person unable to afford counsel," granting us "'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate."[4]

Under our Court of Appeals' guidance in *Tabron*, we undertake a two-step inquiry. First, we must consider the merits of the claim, deciding whether it has "arguable merit."[5] If so, we then consider a non-exhaustive list of factors, including (1) the plaintiff's ability to present his or her

own case; (2) the complexity of the legal issues; (3) the degree to which the factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the extent to which the case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) the plaintiff's ability to retain and afford counsel.[6] These same factors apply to first and subsequent requests, regardless of the stage of the case, and we "should consider the *Tabron* guideposts that may be relevant . . . at the time and stage of the litigation that the request is made."[7] Our Court of Appeals cautions "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."[8]

We do not have a complaint. We cannot yet determine whether Mr. Allen's claims have arguable merit. We cannot turn to the remaining *Tabron* factors yet. We will have a better idea after review of motions to dismiss and close of the pleadings.

We deny Mr. Allen's Motion in the accompanying Order without prejudice.

---

[1] ECF Doc. Nos. 6, 10.

[2] *Tabron v. Grace,* 6 F.3d 147, 157 (3d Cir. 1993).

[3] *Houser v. Folino,* 927 F.3d 693, 697 (3d Cir. 2019) (citing *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002)).

[4] *Montgomery,* 294 F.3d at 498 (quoting *Tabron,* 6 F.3d at 153).

[5] *Houser,* 927 F.2d at 697 (citing *Tabron,* 6 F.3d at 155).

[6] *Id.* (citing *Parham v. Johnson,* 126 F.3d 454, 457 (3d Cir. 1997); *Tabron,* 6 F.3d at 155-56).

[7] *Id.* at 700.

[8] *Montgomery,* 294 F.3d at 499 (cited in *Houser,* 927 F.3d at 700).