IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TODD ALLEN | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 19-3300 |
| CHAD SMITH, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.** April 29, 2020

  A man who plead guilty in connection with arrests in 2009 and 2017 but who seeks damages from state actors for violating his civil rights must plead a favorable termination of his convictions to sue the state actors for violating his civil rights leading to those convictions. If he fails to so plead, we must dismiss his case. In reviewing a *pro se* pleading, we often allow leave to amend if not futile. In reviewing the convicted man's *pro se* Complaint today, we grant the state actors' Motion to dismiss as the convicted man did not plead favorable termination of either his 2009 or 2017 conviction. We dismiss his civil rights claims related to the 2009 conviction with prejudice but dismiss his claims concerning the 2017 conviction without prejudice as he is continuing to appeal his 2017 guilty plea conviction in the Pennsylvania courts and has yet to obtain a favorable termination. If he does so, he may possibly sue for alleged conduct concerning his 2017 conviction.

  **I. Alleged *pro se* facts**[1]

  Todd Allen *pro se* alleges three police officers and a police evidence technician violated his civil rights when arresting him in March 2009 and May 2017.[2] He also alleges Pennsylvania state law claims. Mr. Allen demands $10 million in punitive damages and $5 million in compensatory damages.[3]

*Mr. Allen plead guilty to drug charges arising from a March 19, 2009 arrest.*

Mr. Allen alleges Cheltenham Township Police Department Sergeant Michael Regan falsely arrested him on March 19, 2009 and fabricated evidence by lying on an incident report in violation of the Fourth Amendment.[4] He alleges a supervisory liability claim against Sergeant Regan for the conduct of Officer Smith in the March 19, 2009 arrest as well as state law claims for false arrest, intentional infliction of emotional distress, and negligence.[5]

The public record confirms the Commonwealth charged Mr. Allen on February 28, 2009 with two counts of possession of a controlled substance by a person not registered under 35 P.S. § 780-113(1)(16); two counts of use or possession of drug paraphernalia under 35 P.S. § 780-113(a)(32); and two counts of manufacture, delivery, or possession with the intent to manufacture or deliver a controlled substance under 35 P.S. § 780-113(a)(30).[6] Mr. Allen pleaded guilty to one count of manufacture, delivery, or possession with the intent to manufacture or deliver a controlled substance on October 26, 2009. The state court sentenced him to two to four years confinement.[7]

The public record shows Mr. Allen filed four petitions under the Post Conviction Relief Act ("PCRA") challenging his 2009 conviction.[8] The record shows Mr. Allen filed PCRA petitions on March 14, 2011, May 21, 2012, December 2, 2013, and October 3, 2014. The trial court dismissed his PCRA petitions on August 8, 2011, June 29, 2012, January 14, 2014, and April 5, 2018. Mr. Allen appealed from each dismissal to the Pennsylvania Superior Court. The Pennsylvania Superior Court affirmed the trial court in all four petitions with the last affirmance over a year ago in March 2019.

*Mr. Allen plead guilty to criminal use of communications arising from his May 16 and May 20, 2017 arrests relating to drug possession and trafficking.*

Mr. Allen alleges Cheltenham Township Police Department Officer Chad Smith arrested him and searched his phone without a warrant and without probable cause on fabricated drug

2

charges on May 16 and May 20, 2017.[9] The public record shows the Commonwealth charged Mr. Allen on May 20, 2017 with two counts of manufacture, delivery, or possession with the intent to manufacture or deliver a controlled substance under 35 P.S. § 780-113(a)(30); two counts of criminal use of a communication facility under 18 Pa. Cons. Stat. Ann. § 7512(a); two counts of use or possession of drug paraphernalia under 35 P.S. § 780-113(a)(32); and two counts of possession of a controlled substance by a person not registered under 35 P.S. § 780-113(1)(16).[10]

Mr. Allen alleges Officer Smith arrested and searched him without a warrant on May 16 and May 20, 2018; maliciously prosecuted him through the warrantless arrest and search; fabricated and manufactured evidence; and denied him the right to a fair trial in violation of the Fourth and Fourteenth Amendments.[11] He additionally alleges Officer Smith conspired to deprive him of his civil rights and state law civil conspiracy.[12] Mr. Allen alleges at a June 27, 2017 preliminary hearing, the Commonwealth did not have laboratory reports to prove heroin as the drug involved in his arrest.[13] He alleges a magistrate judge ordered the Commonwealth to produce laboratory reports at the next hearing scheduled for July 28, 2017.[14] Mr. Allen alleges Officer Smith and a District Attorney represented to a magistrate judge on July 28, 2017 they had lab reports for the drugs allegedly sold on May 16 and May 20, 2017, but this representation is a fabrication because Officer Smith and the District Attorney had only the lab report for May 20, 2017.[15] Mr. Allen contends there is no lab report for the drugs allegedly the subject of the May 16, 2017 arrest.[16] Based on these representations, the magistrate judge held the charges over for trial.

Mr. Allen alleges Officer Smith "planted" evidence, and alleges a host of inconsistencies showing Officer Smith "framed" him in violation of his constitutional rights including: there is nothing to connect him to the drugs sent to the lab for testing; there is no evidence on the police

incident report or photographs of the alleged drugs from the May 16, 2017 arrest; photographs of the drugs allegedly involved in the May 20, 2017 arrest are different than the drugs tested by the lab; there is no property log, bag, or tag number for evidence collected at the arrest; it took two months for the drugs to be taken to the lab for testing; the "property requisition form" for the drugs taken from the May 16, 2017 arrest "proves fabrication" because "someone else's case number" is on the form, case numbers are "scratched out," the collection time or date is missing, and other inconsistencies; the collection time for drugs confiscated at the May 20, 2017 arrest differs on the incident report and property requisition form; and Officer Smith perjured himself at various court proceedings regarding his explanation for the delay in testing the drugs involved in both arrests.[17]

Mr. Allen alleges Officer Smith's conduct also violates Pennsylvania law, claiming false arrest, illegal search of his person and phone, malicious prosecution, negligence, and intentional infliction of emotional distress.[18]

Mr. Allen alleges Sergeant Michael Ryan also fabricated evidence relating to the May 16 and May 20, 20217 arrests and reports.[19] Mr. Allen alleges Officer Regan fabricated evidence by intentionally falsifying the May 16 and May 20, 2017 incident reports, maliciously prosecuted him, falsely arrested him, deprived him of his right to a fair trial, and "reckless investigation" in violation of the Fourth and Fourteenth Amendments as well as state law claims for false arrest, malicious prosecution, intentional infliction of emotional distress, and negligence.[20]

Mr. Allen alleges Montgomery County evidence technician Harry Hall fabricated evidence and falsified documents.[21] Mr. Allen alleges Technician Hall fabricated a property requisition form on August 2, 2017 by including Mr. Allen's name on the form, scratching out another case number, and omitting a collection date and time, description of the drugs, case history and test request, to help police frame him.[22]

Mr. Allen alleges Officer Eves fabricated a property requisition form on July 13, 2017 by including Mr. Allen's name on a form connecting him to the "planted physical evidence" taken to the lab, and points to inconsistencies he contends shows Officer Eves "already had the planted evidence in his possession prior to [Mr. Allen's] illegal arrest."[23]

On November 8, 2018, Mr. Allen pleaded guilty to one count of criminal use of a communication facility under 18 Pa. Cons. Stat. Ann. § 7512(a) and the Commonwealth *nolle prossed* all other charges.[24] The Montgomery County Court of Common Pleas imposed a sentence of six to twelve months confinement.

Following the guilty plea, Mr. Allen filed post-sentencing motions which were denied by the trial court on February 28, 2019.[25] Mr. Allen, proceeding *pro se*, filed an appeal from the order on March 13, 2019.[26]

On July 1, 2019, the Pennsylvania Superior Court ordered the "the trial court is hereby directed to conduct an on-the-record determination as to whether the [Mr. Allen's] waiver of counsel is knowing, intelligent and voluntary, pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), and to notify the Prothonotary of this Court of its determination within sixty (60) days of the date that this Order is filed."[27] The trial court appointed the Montgomery County Public Defender's Office to represent Mr. Allen. Mr. Allen's appeal is currently pending before the Pennsylvania Superior Court.

### *Mr. Allen sues in this Court while his appeal is pending.*

While his appeal from his 2017 conviction remained pending in the Pennsylvania Superior Court, Mr. Allen *pro se* moved for leave to proceed *in forma pauperis* with an accompanying complaint in this Court. Without paying the fees, he sought permission to sue Officer Smith, Sergeant Ryan, Officer Eves, and Technician Hall, as well as Cheltenham Township, the

Montgomery County District Attorney Task Force, NMS Lab, court-appointed private attorneys, public defenders, assistant district attorneys, and laboratory technicians at NMS Labs, and another police officer.[28] The Honorable Robert F. Kelly granted Mr. Hall's motion to proceed *in forma pauperis* and, screening the complaint under 28 U.S.C. § 1915(e)(2)(B), dismissed with prejudice all claims against Montgomery County District Attorneys and the Montgomery County District Attorney Drug Task Force, and dismissed without prejudice with leave to amend claims against private attorneys and public defenders, lab technicians, NMS Lab, and Cheltenham Township.[29]

Mr. Allen elected not to amend his complaint. After transfer of this action from Judge Kelly's docket to us on November 19, 2019, we denied Mr. Allen's motion for appointment of counsel as premature and ordered service on the remaining defendants, Officers Smith and Eves, Sergeant Ryan, and Technician Hall.[30]

Officers Smith and Eves, Sergeant Ryan, and Technician Hall moved to dismiss the complaint on March 13, 2020.[31] Mr. Allen did not respond to the motion to dismiss.

**II.     Analysis**[32]

Defendants collectively argue the complaint must be dismissed with prejudice: (1) constitutional claims are precluded, as a matter of law, by *Heck v. Humphrey*;[33] (2) all claims are time-barred by the two-year statute of limitations; (3) the malicious prosecution and fabrication of evidence claims under federal and state law fail; (4) failure to investigate and "reckless investigation" claims fail; (5) conspiracy claims against Officer Eves and Technician Hall fail for lack of specificity; (6) failure to intervene and supervisory liability claims fail; and (7) state law negligence claims are barred by Pennsylvania's Political Subdivision Tort Claims Act. Defendants argue *Heck* requires the dismissal of all claims. They alternatively argue we must dismiss the

6

claims based on their additional arguments. Because we conclude Mr. Allen's claims are barred by the *Heck* doctrine, we need not address Defendants' alternative arguments.

In *Heck*, the Supreme Court held to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983*."[34]

Under the *Heck* doctrine, the Supreme Court directs us to consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit."[35]

We grant Defendants' motion in the accompanying order and dismiss with prejudice, as futile, Mr. Allen's claims relating to the 2009 arrest and dismiss without prejudice Mr. Allen's claims relating to the 2017 arrests.

### A. Mr. Allen's 2009 claims are barred by the *Heck* doctrine.

Mr. Allen alleges constitutional violations and state law claims resulting from Sergeant Regan's conduct relating to the 2009 drug arrest. A judgment in Mr. Allen's favor would necessarily imply the invalidity of his 2009 conviction or sentence. Mr. Allen cannot show his

2009 conviction or sentence is invalidated. He does not plead facts showing his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by a federal court's issuance of a writ of habeas corpus. In fact, the public docket shows Mr. Allen filed four PCRA petitions, all of which were denied by the trial court, and, after he appealed, affirmed by the Pennsylvania Superior Court.

We will consider whether to allow a *pro se* party leave to amend when his pleading fails to state a claim so long as an amendment is not futile.[36] Mr. Allen's claims against Sergeant Regan under federal or state law are long overdue on his conviction but the Pennsylvania Superior Court disposed of his most recent appeal of a denial of post-conviction relief in March 2019. Mr. Allen's state law claims and constitutional claims under section 1983 for supervisory liability, false arrest and fabrication of evidence are subject to Pennsylvania's two-year personal injury statute of limitations, 42 Pa. C.S. § 5524.[37] While the claims may be timely based on this last denial from the Pennsylvania Superior Court, he still cannot plead a favorable termination in his 2009 conviction. Amendment is futile, and we dismiss claims relating to the 2009 arrest with prejudice.

### B.  Mr. Allen's challenges to his 2017 arrests are barred by the *Heck* doctrine.

Mr. Allen purports to state a claim against the Officer Smith, Sergeant Ryan, Officer Eves, and Technician Hall for alleged constitutional violations in searching, arresting, and charging him for drug offenses on May 16 and May 20, 2017, and for malicious prosecution on drug charges and fabrication of evidence. Mr. Allen seeks damages under section 1983 alleging police searched him and his phone without a warrant or probable cause, fabricated evidence and incident reports, falsely arrested him, and deprived him of his right to a fair trial.

Defendants argue Mr. Allen's constitutional claims, as well as state law claims arising from his conviction in the underlying criminal action, are barred by *Heck v. Humphrey*: conspiracy, fabrication of evidence in violation of the Fourteenth Amendment; illegal search in violation of the Fourth Amendment, and state law claims of malicious prosecution, intentional infliction of emotional distress, negligence, false arrest, reckless investigation, and supervisory liability.

Mr. Allen's claims are barred by *Heck* because success on them would necessarily imply the invalidity of his conviction, which has not been invalidated.

At the heart of Mr. Allen's complaint is Officer Smith and Sergeant Regan lacked probable cause to arrest him, conducted a warrantless search of his person and phone, fabricated evidence, and maliciously prosecuted him for crimes the District Attorney *nolle prossed* on November 5, 2018.[38] Mr. Allen concedes his guilty plea to one count of "criminal use of a communication facility" under Pennsylvania law, but nevertheless asserts prosecution of the May 2017 arrests ended in his favor because the Commonwealth *nolle prossed* seven of the eight charges. But the fact remains Mr. Allen pleaded guilty to criminal use of a communication facility under 18 Pa. Cons. Stat. Ann. § 7512(a) which necessarily requires an underlying felony to occur. Mr. Allen is now challenging his conviction of this charge based on his guilty plea.

To plead a claim for malicious prosecution under Section 1983, Mr. Allen must show "(1) the defendants initiated a criminal proceeding; (2) *the criminal proceeding ended in [his] favor*; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) [he] suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."[39]

The purpose of the second element—the favorable termination requirement—"is to avoid 'the possibility of the claimant [sic] succeeding in the tort action after having been convicted in

9

the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'"[40] In accordance with the purpose of *Heck*, our Court of Appeals holds "a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element."[41]

Under the precedent of our Court of Appeals, "[a] *nolle prosequi* disposition is a favorable termination unless the accused has entered into a compromise or surrendered something of value to obtain that outcome."[42] Thus, a *nolle pros* disposition "will not always signify a favorable termination but may in certain circumstances."[43] Here, the public record shows Mr. Allen negotiated a guilty plea to one charge of criminal use of a communication facility and the District Attorney *nolle prossed* the remaining charges.[44] Mr. Allen fails to plead facts to plausibly find a favorable termination on the charges arising from the May 2017 arrests.

Even if Mr. Allen could amend his complaint, he could not now allege a favorable termination because there is no final ruling yet. Mr. Allen appealed to the Pennsylvania Superior Court from the trial court's February 27, 2019 order denying all post-trial motions.[45] The appeal remains pending.[46] We dismiss Mr. Allen's complaint without prejudice to file a new related case if the Pennsylvania Superior Court or Supreme Court invalidates his sentence on his now-pending appeal.

### III.   Conclusion

In the accompanying order we grant Defendants' motion to dismiss, dismissing with prejudice Mr. Allen's complaint regarding his 2009 arrest and without prejudice pending the decision of the Pennsylvania Superior Court now considering Mr. Allen's appeal.

[1] We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings …'" *Dooley v. Wetzel*, No. 19-1684, 2020 WL 1982194, * 4 (3d Cir. Apr. 27, 2020) (citing *Higgs v. Attorney Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (September 19, 2011)).

[2] Section 1983 provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

[3] ECF Doc. No. 2 at 7. We use the pagination assigned by the CM/ECF docketing system.

[4] *Id.* at 14 (Claims 7, 8).

[5] *Id.* at 14 (Claim 6); 15 (Claims 5, 6, 7).

[6] *See* Docket report, *Commonwealth of Pennsylvania v. Allen*, No. CP-46-CR-0002552-009 (Mont. Cnty. Ct. Common Pleas).

[7] *Id.* at 3-4.

[8] 42 Pa. Cons. Stat. Ann. § 9541 *et seq.*

[9] ECF Doc. No. 2 at 9.

[10] *See* Docket report, *Commonwealth of Pennsylvania v. Allen*, No. CP-46-CR-0005126-2017 (Mont. Cnty. Ct. Common Pleas).

[11] ECF Doc. No. 2 at 11-12, 21.

[12] *Id.* at 17.

[13] *Id.* at 9-10.

[14] *Id.*

[15] *Id.* at 10.

[16] *Id.*

---

[17] *Id.* Mr. Allen alleges Officer Smith fabricated evidence at the preliminary hearing on July 28, 2017 and at a March 19, 2018 motions hearing in court.

[18] *Id.* at 11-13.

[19] *Id.* at 13-14, 16.

[20] *Id.* at 13-15.

[21] *Id.* at 15.

[22] *Id.*

[23] *Id.* at 16.

[24] Docket report, *Commonwealth of Pennsylvania v. Allen*, No. CP-46-CR-0005126-2017, at 4-5.

[25] *Id.* at 42.

[26] *Id.* at 43.

[27] Docket report, *Commonwealth of Pennsylvania v. Allen*, No. 817 EDA 2019.

[28] ECF Doc. Nos. 1, 2.

[29] ECF Doc. Nos. 5, 6.

[30] ECF Doc. Nos. 11, 12, 13, 15.

[31] ECF Doc. No. 19.

[32] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must tak[e] note of the elements [the] plaintiff must plead to state a claim;" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

---

[33] 512 U.S. 477 (1994).

[34] *Id.* at 486-87 (emphasis added).

[35] *Id.* at 487 (emphasis in original) (footnote omitted).

[36] *Dooley,* 2020 WL 1982194 at * 6 (quoting *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002)).

[37] "[A] § 1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." *Pearson v. Sec'y Dept. of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015) (quoting *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir.2009)). We apply Pennsylvania's two-year statute of limitations for personal injury tort claims:

> The following actions and proceedings must be commenced within two years:
>
> (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
>
> (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
>
> (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.
>
> (4) An action for waste or trespass of real property.
>
> (5) An action upon a statute for a civil penalty or forfeiture.
>
> (6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.
>
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.
>
> (8) An action to recover damages for injury to a person or for the death of a person caused by exposure to asbestos shall be commenced within two years from the date on which the person is informed by a licensed physician that the person has been injured by such exposure or upon the date on which the person knew or in the exercise of reasonable diligence should have known that the person had an injury which was caused by such exposure, whichever date occurs first.

42 Pa. Cons. Stat. Ann. § 5524.

---

[38] ECF Doc. No. 2 at 9, Claim 2(a)(b); at 11, Claim 4.

[39] *Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir.2009) (emphasis added) (quotation marks omitted)).

[40] *Kossler*, 564 F.3d at 186 (quoting *Heck*, 512 U.S. at 484) (alteration in original) (internal quotation marks omitted).

[41] *Id.* (citing *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir.2002); *Gilles v. Davis*, 427 F.3d 197, 211 (3d Cir.2005)).

[42] *Malcomb*, 535 F. App'x at 187.

[43] *Id.* at 186.

[44] Docket report, *Commonwealth of Pennsylvania v. Allen*, No. CP-46-CR-0005126-2017, at 4-5.

[45] *Id.* at 42.

[46] *See* Docket report, *Commonwealth of Pennsylvania v. Allen*, 817 EDA 2019 (Pa. Super. Ct.).